**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**WANDA ROGERS**                                                     **CIVIL ACTION**

**VERSUS**                                                           **NO. 12-02493**

**BROMAC TITLE SERVICE, LLC**                                        **SECTION "C"(5)**
**d/b/a PLATINUM TILE &**
**SETTLEMENT SERVICES, LLC**
**and TITLE RESOURCE**
**GROUP, LLC**

**ORDER AND REASONS**[1]

Before the Court are two motions: (1) defendants' motion for summary judgement; Rec.

Doc. 22; and (2) plaintiff's motion for partial summary judgment. Rec. Doc. 24.  Both motions

are opposed. Rec. Doc. 32; Rec. Doc. 30.  Having considered the memoranda of counsel, the

record, and the applicable law, the Court grants the defendants' motion for summary judgment

and as a result declines to rule on the plaintiff's motion for partial summary judgment for the

following reasons.

**I. BACKGROUND**

Plaintiff, Wanda Rogers, brings this suit against her former employer, Bromac Title

Services, and its owner, Title Resource Group, LLC ( collectively, "Bromac"). Rec. Doc. 1 at 2-

3.  The plaintiff alleges that her employment was terminated in violation of 28 U.S.C. §1875,

the Jury System Improvement Act.  *Id.* at 2. The plaintiff was selected as an alternative Grand

Juror beginning on August 19, 2011, and on October 13, 2011, the plaintiff was selected to be an

active member of the grand jury, which met on Fridays.  Rec. Doc. 1 at 3-4.  Her service as a

---

[1]Jennifer Watkins, a third-year student at Tulane University Law School, assisted in part of the
preparation of this Order and Reasons.

1

Grand Juror required the plaintiff to miss work a total of eight Fridays from the time in which

her service began on August 19, 2011 until the date on which she was terminated on April 20,

2012. Rec. Doc. 22-2 at 5. However, the plaintiff alleges that despite only missing work on a few

occasions, the effect of her jury duty service upon her employment was much greater because

she would not know until the Wednesday prior to the Friday in which she would be serving.

Rec. Doc. 32 at 13.

After defendant Bromac entered into a joint venture with another company, Latter &

Blum, there was an introductory sales meeting of the new personnel for the purpose of soliciting

title business from Latter & Blum real estate agents.  Rec. Doc. 22-2 at 2-3.  Plaintiff made a

speech at this meeting, and when she began her speech, she opened with a joke about

unprotected sex.  Rec. Doc. 22-2 at 2-3; Rec. Doc. 32 at 2-3.   After this comment, plaintiff met

with supervisors, including the CEO of Latter & Blum to discuss the incident.  Rec. Doc. 31-2 at

15.   Two days prior to her employment termination, plaintiff spoke at a sales meeting where

again her former employer's clients, Latter & Blum real estate agents, were present. Rec. Doc. 1

at 6.  At this meeting, plaintiff made a comment to the agents that she would always answer her

phone on the weekends, unless she was drinking.  *Id.*  Plaintiff was terminated for unprofessional

behavior two days later.  Rec. Doc. 22-2 at 4.  Plaintiff maintains that she was terminated

because of her jury duty service. Rec. Doc. 1 at 7.

## II.  LAW AND ANALYSIS

### A. Standard of Review for Summary Judgment

Summary judgment is proper only when the record indicates that there is not a "genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P.56; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323. "If a moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 2994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73 (1990).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion.  *See Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  *Id.* at 249-50.

**B.  Jury Service Protection Act Claim**

The Jury System Improvement Act (JSIA) states that "[n]o employer shall discharge. . . any permanent employee by reason of such employee's jury service, or the attendance or

scheduled attendance in connection with such service, in any court in the United States." 28

U.S.C. 1875(a).  There is very little case law interpreting this statute, and therefore the Court

may not draw on Fifth Circuit precedent.  Many other district courts have relied on a similarly

worded provision from the Age Discrimination in Employment Act ("ADEA") when interpreting

the JSIA. *Papila v. Milrose Consultants, Inc.*, No. 09 Civ. 9257(NRB), 2011 WL 6937601, at

*12 (S.D.N.Y., Dec. 29, 2011).  In *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176, 129

S.Ct. 2343, 2350, 174 L.Ed.2d 119 (2009), the Supreme Court found that the wording "because

of" in ADEA meant that the discrimination at issue in that statute must have occurred "by reason

of" or "on account of" the discriminatory act at issue, and therefore to have been the "but for"

cause of the adverse employment action. *See also Arnold v. Beth Abraham Health Servs.,* Inc.,

No. 09-7932 (DLC), 2011 WL 2416877, at *3 (S.D.N.Y. June 16, 2011) (applying the standard

from *Gross* to a JSIA claim).  The Court applies the same standard here.  The plaintiff must

prove that her jury service was the "but for" cause of her employment termination. *Gross*, 557

U.S. at 176.  The Supreme Court recently expanded the "but for" causation requirement to

include Title VII retaliation claims, in addition to ADEA claims. *University of Texas*

*Southwestern Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534 (2013).  Yet even prior to the expansion

of the "but for" causation standard in *Nassar*, lower courts had been applying the "but for"

causation standard set forth in *Gross* to JSIA cases because of the similar statutory language

between the ADEA and the JSIA ("because of" and "by reason of").  *See Hill v. Hubbell*

*Distribution, Inc.*, No. 1:12cv51, 2013 WL 1726562, at *6 (W.D.N.C. Apr. 19, 2013); *Hackbery*

*v. Daubert, M.D., P.A.*, No. 11-80856, 2012 WL 1600563, at *8 (S.D. Fla. May 7, 2012).

        In applying "but for" causation, the plaintiff must prove that the jury service was *the*

reason for her termination, and not merely a motivating factor in it.  *Gross*, 557 U.S. at 168; *see also Williams v. District of Columbia*, 646 F. Supp. 2d 103, 109 (D.D.C. 2009) (holding that an employee's four month jury service was *a* motivating factor in her adverse employment action but not *the* motivating factor as required in a JSIA claim because the employer had a legitimate reason for the termination).

Defendants argue that they have proved that plaintiff's employment was not terminated because of her jury duty and are entitled to summary judgment because of this.  Rec. Doc. 22-2.  Defendants argue that plaintiff's repeated inappropriate comments were the true reason for her termination.  *Id.*  Defendants also point out that plaintiff herself stated to the Louisiana Workforce Commission that she believed her termination was due to the fact that her employer was seeking to reduce salary expenses.  *Id.* at 10-11.  Plaintiff argues that her termination was not due to her inappropriate comments because the office culture promoted these sorts of comments and she was never formally reprimanded after the first comment, although she did discuss it with supervisors.  Rec. Doc. 32 at 13-14.  Rogers argues that the comments made by her colleagues and supervisors about whether she could "get out of" jury duty evidence the fact that the jury duty was the only reason for her termination.  *Id.* at 14.

The Court finds here that the defendant has provided undisputed evidence of a legitimate reason for the termination such that plaintiff's jury service cannot be the "but for" causation of her termination.  Given the alternative reasons for plaintiff's termination, the Court is suspect that her jury service was even a motivating factor in her termination.  The "Notice of Employee Separation" states the cause of Rogers' termination to be that she "made inappropriate comments in client meetings." Rec. Doc. 22, Exh. 5.  Neither party disputes that Rogers made a joke about

unprotected sex at a very important client meeting, and then, after being warned about her comments, made another inappropriate comment concerning drinking. Rec. Doc. 22 at 14-15; Rec. Doc. 32 at 3 & 4.  Plaintiff has not put forth any evidence to show that her behavior was acceptable in the "office culture" as she claims. Rec. Doc. 32 at 13.  The Court finds that the espoused reason for plaintiff's termination is not mere pretext for terminating her because of her jury service. *Evans v. City of Houston*, 246 F.3d 344, 351 (5th Cir. 2001) (discussing pretext in the context of an adverse employment action based on alleged discrimination). Plaintiff was terminated on April 20, 2012 after her second inappropriate comment was made on April 18, 2012. Rec. Doc. 22 at 4. While her intermittent jury service was ongoing at this time, the proximal timing of her termination right after her second inappropriate comments rather than near the time when her active jury service had begun on October 13, 2011, also weighs in favor of finding that there is no merit to Rogers' claim. *Crowley v. Pinebrook, Inc.*, No. 08-3427, 2010 WL 4963004, at *3 (D. Md. Dec. 1, 2010) (finding that the proximal timing of the termination and the protected activity can help rebut an employer's evidence of a legitimate reason for the termination, but that the timing must be coupled with other evidence in order to rebut a legitimate reason for termination). The Court grants summary judgment in favor of the defendant.

Plaintiff's motion for partial summary judgment based on defendant's affirmative defenses has no merit, and in granting summary judgment in favor of the defendant, the Court declines to address plaintiff's motion for partial summary judgment. Rec. Doc. 24.

Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is GRANTED. Rec.

Doc. 22.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment is

MOOT. Rec. Doc. 24.

New Orleans, Louisiana, this 23rd day of September, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**