UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WANDA ROGERS**  **CIVIL ACTION**

**VERSUS**  **NO. 12-2493**

**BROMAC TITLE SERVICES, LLC**  **SECTION: "C"3**
**D/B/A PLATINUM TITLE**
**AND SETTLEMENT SERVICES, LLC AND**
**TITLE RESOURCE GROUP, LLC.**

## ORDER AND REASONS

Before this Court is a Motion to Review Taxation of Costs brought by the plaintiff, Wanda Rogers. Rec. Doc. 66. The defendants, Bromac Title Services, LLC d/b/a Platinum Title and Settlement Services, LLC and Title Resource Group, LLC oppose the motion. Rec. Doc. 67. Having considered the record, the memoranda of counsel and the law, the Court has determined that the Motion to Review Taxation of Costs is DENIED for the following reasons.

In their motion, the plaintiff objects to two items taxed as "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Rec. Doc. 66-1 at 3. Specifically, the plaintiff objects to $2,661.10 taxed for electronic document scanning and email processing handled by CBD Docusource and $800.00 taxed for electronic processing of emails by Avansic E-Discovery and Digital Forensics. *Id.* The plaintiff argues that the cost for these materials is not recoverable because the copies of the materials were never "obtained" as required by 28 U.S.C. § 1920. *Id.* at 4. The plaintiff also asserts that the services provided do not fall within the scope of Section 1920 and do not constitute exemplification or the costs of making copies. *Id.* at 5.

Section 1920 provides that a judge or clerk may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The determination of whether a document was "necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). The documents in question were produced by the defendants in response to the plaintiff's requests for the documents. Rec. Doc. 45. Therefore, the documents were not produced for the defendants' own convenience, but rather for the plaintiff. The plaintiff's assertion to the contrary is unfounded.

Additionally, electronically produced documents fall within the scope of Section 1920. *Rundus v. City of Dallas*, 2009 WL 3614519 at *3 (N.D. Tex. 2009). "Recent decisions accounting for technological advances in document storage and retrieval have found that scanning documents is the 'modern day equivalent' of 'exemplification and copies' of paper." *Id.* Therefore, the defendant is entitled to costs in the amount of $8,104.22 pursuant to 28 U.S.C. § 1920.

Accordingly,

IT IS ORDERED that the plaintiff's Motion to Review Taxation of Costs is DENIED. Rec. Doc. 66.

New Orleans, Louisiana, this __12__ day of May, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**