

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 13-31097

D.C. Docket No. 2:12-CV-2493

United States Court of Appeals
Fifth Circuit
**FILED**
June 18, 2014

Lyle W. Cayce
Clerk

WANDA ROGERS,

> Plaintiff - Appellant

v.

BROMAC TITLE SERVICES, L.L.C., doing business as Platinum Title &
Settlement Services, L.L.C.; TITLE RESOURCE GROUP, L.L.C.,

> Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

### J U D G M E N T

This cause was considered on the record on appeal and was argued by
counsel.

It is ordered and adjudged that the judgment of the District Court is
affirmed.

IT IS FURTHER ORDERED that each party bear its own costs on
appeal.

ISSUED AS MANDATE: JUL 2 8 2014

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _Sabrina B Short_
              Deputy      JUL 2 8 2014

New Orleans, Louisiana

_____ Fee _____
_____ Process _____
__X__ Dktd _____
_____ CtRmDep_____
_____ Doc. No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31097

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2014

Lyle W. Cayce
Clerk

WANDA ROGERS,

   Plaintiff - Appellant

v.

BROMAC TITLE SERVICES, L.L.C., doing business as Platinum Title &
Settlement Services, L.L.C.; TITLE RESOURCE GROUP, L.L.C.,

   Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

  Wanda Rogers appeals the district court's grant of summary judgment in favor of her former employer, Bromac Title Services, and its owner, Title Resource Group, LLC (collectively, "Bromac" or "appellees"), dismissing her claims under the Jury System Improvement Act ("JSIA"), 28 U.S.C. § 1875. For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

  From April 29, 2009 until April 20, 2012, Rogers worked as a closing officer for Bromac's (a real-estate closing service) office in Mandeville, Louisiana. On August 19, 2011, she was summoned to jury service. After her

No. 13-31097

first appearance on August 22, 2011, she informed her co-workers and supervisors via email that she was selected as an alternate grand juror, and that her service would end on February 19, 2012. On October 13, 2011, she was selected to be an active member of the grand jury. Until her termination, Rogers missed a total of eight Fridays due to her jury service. In addition to the eight days she was physically unable to work because of jury duty, Rogers explains that the uncertainty of her availability on those days affected her ability to schedule and participate in closings scheduled for a Friday, which she states is the most popular day to close a home purchase. In mid-February 2012, she informed her employers that her grand jury service was extended until August 19, 2012.

During her time with Bromac, Rogers was involved in two incidents that appellees identify as the reason for her termination. On August 31, 2011, Rogers spoke at a meeting with real estate agents from Latter & Blum.[1] While the parties dispute the motivation and context of this statement, it is undisputed that Rogers opened her talk by saying: "Raise your hand if you have had unprotected sex." The parties dispute whether Rogers's superiors counseled her or even spoke to her concerning this statement. But it is undisputed that Latter & Blum's CEO, Rick Haase, immediately exclaimed "What?" after Rogers made the statement. And Bromac contends that on November 17, 2011, Karen Peterson (Rogers's supervisor) "reprimanded" her, stating that it was Rogers's "job to work to change that perception and that it

---

[1] On August 8, 2011, Bromac entered into a joint venture with L&B Title, LLC. According to appellees, the meeting was especially important given its new partnership with Latter & Blum. They further claim that, contrary to Rogers's contention, the meeting took place in November 2011, not August. The difference in dates matters because accepting the earlier date places the meeting before Rogers became an active grand juror. Because we are reviewing a district court's summary judgment ruling, we must accept Rogers's version of the facts.

No. 13-31097

çan only be done through constant and careful communication." Rogers maintains she was never counseled about the comments she made at the first meeting.

The second event occurred on April 18, 2012, when Rogers again spoke at a meeting with Latter & Blum associates. In that meeting, Rogers stated: "You guys know you are always welcome to call me after hours or on weekends. I always answer my phone unless I'm drinking." Rogers was fired two days later, on April 20, 2012.

Rogers sued Bromac under the JSIA, alleging that the company impermissibly terminated her employment as a result of her jury service. Appellees filed a motion for summary judgment, arguing that they terminated Rogers not because of her jury service, but because of her unprofessional behavior.[2] Rogers filed her own motion for partial summary judgment.

On September 23, 2013, the district court granted Bromac's motion, dismissing Rogers's action with prejudice. It applied a "but-for" causation standard, holding that under the JSIA "[t]he plaintiff must prove that her jury service was the 'but for' cause of her employment termination." *Rogers v. Bromac Title Serv., LLC*, No. 12-02493, 2013 WL 5348448, at *2 (E.D. La. Sept. 23, 2013). The court found that Bromac "provided undisputed evidence of a legitimate reason for the termination such that plaintiff's jury service cannot be the 'but for' caus[e] of her termination. Given the alternative reasons for plaintiff's termination, the Court is suspect that her jury service was even a motivating factor in her termination." *Id.* at *3.

---

[2] We note that the official company policy commendably "encourages employees to fulfill their civic responsibilities to serve as jurors when required." Bromac's written policy provides that "[t]he Company will provide an employee summoned for jury duty with a paid leave of absence" and that "[t]here is no waiting period to apply for jury duty leave."

3

No. 13-31097

Rogers appeals the district court's application of the but-for causation standard and its grant of summary judgment in favor of appellees.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below. *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]his court construes 'all facts and inferences in the light most favorable to the nonmoving party.'" *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). But "[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

"We are not limited to the district court's reasons for its grant of summary judgment and may affirm the district court's summary judgment on any ground raised below and supported by the record." *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 606–07 (5th Cir. 2014) (internal quotation marks omitted).

## DISCUSSION

Rogers claims that the district court misapplied the but-for causation standard by holding that Rogers had to prove that her jury service was the only reason for her termination. Rogers claims further that the district court failed to apply the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). She also argues that the district court granted summary judgment only by ignoring evidence of discriminatory motive and failing to

view the evidence in the light most favorable to the nonmoving party. We address each of her arguments in turn.

I. But-For Causation

Because this circuit has yet to apply the but-for causation standard in the JSIA context, we first address whether the district court correctly held that it applied to Rogers's claim. We then determine whether it properly applied the standard in the proceedings below. We hold that the district court was correct to apply the but-for causation standard from *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), given the similarity in language between the Age Discrimination in Employment Act ("ADEA") and the JSIA. We also hold that it did not err in its application of the standard to Rogers's facts.

The JSIA provides: "No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee *by reason of* such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." 28 U.S.C. § 1875(a) (emphasis added). As the district court noted, "[t]here is very little case law interpreting this statute." *Rogers*, 2013 WL 5348448 at *2. As such, it interpreted the JSIA's use of the phrase "by reason of" the same way "[m]any other district courts have," *id.*, and relied on the Supreme Court's guidance found in *Gross*, where the Court interpreted similar language found in the ADEA.

Using language similar to that found in the JSIA, the ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The *Gross* court concluded that "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross*, 557 U.S. at 176. In reaching

5

No. 13-31097

this conclusion, the Court surveyed various dictionaries whose definition for "because of" included the words "by reason of" or "by reason," *id.*, the very words used in the JSIA.

Based on this reading of the ADEA's use of "because of," the Court held that "[t]o establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.* In describing what it means to be a "but-for" cause, the *Gross* court cited *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993), which held that a successful claim required showing that "the employee's protected trait actually played a role . . . *and had a determinative influence on the outcome.*" *Gross*, 557 U.S. at 176.[3] Writing for the majority, Justice Thomas rejected an argument that the burden of persuasion shifts in cases involving "mixed motives": "The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one *motivating factor* in that decision." *Gross*, 557 U.S. at 180 (emphasis added).

Although no federal appellate court has applied its holding in the JSIA context since the Court decided *Gross* in 2009, numerous federal district courts that have addressed this question have held that the *Gross* but-for standard applies to JSIA claims.[4] Because the plain and ordinary meaning of the JSIA's

---

[3] Similarly, the Court recently held that "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013).

[4] *Hill v. Hubbell Distribution, Inc.*, No. 1:12CV51, 2013 WL 1726562 (W.D.N.C. Apr. 19, 2013); *Hackney v. Jack Daubert, M.D., P.A.*, No. 11-80856-CIV, 2012 WL 1600563 (S.D. Fla. May 7, 2012); *Papalia v. Milrose Consultants, Inc.*, No. 09 Civ. 9257, 2011 WL 6937601 (S.D.N.Y. Dec. 29, 2011); *Arnold v. Beth Abraham Health Servs., Inc.*, No. 09 Civ. 7932, 2011 WL 2416877 (S.D.N.Y. June 16, 2011); *Crowley v. Pinebrook, Inc.*, No. CIV JKS 08-3427, 2010 WL 4963004 (D. Md. Dec. 1, 2010) *aff'd*, 439 F. App'x 232 (4th Cir. 2011).

No. 13-31097

use of "by reason of" supports a but-for causation standard, we adopt *Gross*'s application in the JSIA context.

Having determined that the district court identified the correct standard, we now review whether it correctly applied but-for causation in its analysis. Rogers argues that the district court misapplied the but-for standard by equating it with the plaintiff's burden to prove that protected conduct was the *only* reason for termination. She argues that under *Gross* and this court's precedents, the but-for standard does not require the plaintiff to prove that the illegal motivation was unaccompanied by any legitimate reason.

We hold that Rogers's arguments mischaracterize the district court's holdings. Read in its entirety, the district court opinion did not interpret the but-for standard to require Rogers to show that any illegal motivation was unaccompanied by a legitimate reason. The district court noted appellees' contention that Rogers's "repeated inappropriate comments were the true reason for her termination." *Rogers*, 2013 WL 5348448 at *3.[5] It also noted that Rogers "stated to the Louisiana Workforce Commission that she believed her termination was due to the fact that her employer was seeking to reduce salary expenses." *Id*. Based on the evidence before it, the district court concluded that (1) it was "suspect that [Rogers's] jury service was even a motivating factor in her termination," and (2) Bromac's "espoused reason for plaintiff's termination is not mere pretext for terminating her because of her jury service." *Id*.[6]

---

[5] Rogers does not seem to contest that at least her first comment on unprotected sex was inappropriate, but takes issue with any finding that the comments were the *true* reason Bromac fired her.

[6] The district court's holding that appellees' proffered reason was "not mere pretext" refutes Rogers's argument that it ignored the burden-shifting framework of *McDonnell Douglas*. This court has applied the burden-shifting framework to ADEA claims and then required the plaintiff to show but-for causation to prove that the employer's proffered

7

No. 13-31097

The district court thus addressed and rejected the merits of Rogers's allegation that she was fired based on her jury service, and nowhere suggested that Bromac could fire her based on her jury service so long as it could provide a legitimate reason as well. Instead, consistent with *Gross*, it concluded that Rogers failed to raise a genuine dispute that her time on the grand jury was the but-for reason for her termination.

We hold that the district court did not err in its analysis under the but-for causation standard.

## II. Summary Judgment

Rogers's next challenge to the district court's grant of summary judgment is her contention that the court failed to consider the evidence in the light most favorable to the nonmoving party, and instead improperly weighed conflicting evidence. We hold that the district court did not err either in its application of the summary judgment standard or in its ultimate grant of summary judgment in favor of appellees. The district court opinion identified the correct approach for resolving motions for summary judgment, and the evidence supports its conclusion that Rogers failed to raise a genuine dispute of material fact that she was impermissibly terminated by reason of her jury service.

The district court correctly stated the standard for granting summary judgment. Specific to how courts are to treat competing evidence, the district court's opinion notes that "[a] genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party," and that "[w]hen considering a motion for summary judgment, this Court 'will

---

legitimate reason for the adverse action is pretextual. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439–40 (5th Cir. 2012).

8

review the facts drawing all inferences most favorable to the party opposing the motion.'" *Rogers*, 2013 WL 5348448 at *1 (quoting *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).  The district court thus did not err in its identification of the correct summary judgment standard, and any error can only be in its application of the standard to the evidence before it, which we review de novo.

Rogers does not dispute the district court's finding that appellees "provided undisputed evidence of a legitimate reason for the termination." But she identifies circumstantial evidence that she claims shows Bromac's discriminatory motive, which she argues the district court should have credited at summary judgment.  These include: (1) statements that Rogers should have "got out of" jury service and other negative statements about her service; (2) attempts to "paper" her file; (3) inconsistent testimony on the issue of who made the decision to terminate her; (4) an advertisement on a job-listings website for Rogers's position that she claims was posted after she was appointed a regular member of the grand jury; (5) the timing of the termination in relation to the announcement that her jury service would be extended by six months; (6) disparate treatment as compared to other Bromac employees; and (7) Bromac's failure to respond or take any disciplinary action against her after she made the first inappropriate statement.

We conclude that, even accepting her version of the facts, Rogers failed to create a genuine dispute that appellees terminated her by reason of her jury service, or that their stated reason for terminating her was merely a pretext. "A plaintiff may show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (internal quotation marks omitted).  But Rogers sets forth no direct evidence linking her termination to her jury service.  And while it is not impossible for

No. 13-31097

a plaintiff to make such a showing based on circumstantial evidence alone, Rogers's evidence of discriminatory motive requires a factfinder to make numerous inferences based on conclusional allegations and unsupported assertions. *See McFaul*, 684 F.3d at 571 ("Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence.").

Rogers cites various comments that she claims demonstrate Bromac's hostility towards her jury service. But none of them establishes that any displeasure with her being on a grand jury led to her termination months later, and comments by co-workers who played no role in the decision to terminate Rogers are not sufficient to create a fact issue on pretext. *See Reed*, 701 F.3d at 439–40. And while a factfinder could infer an illegal motive from the fact that she was fired two months after informing Bromac that her grand jury service was extended, any inference would be negated by the fact that she was terminated two *days* after her second inappropriate comment. "[P]roximal timing must be coupled with other evidence, which must be substantial where, as here, the employer has provided significant evidence of a legitimate reason for the termination." *Crowley*, 2010 WL 4963004 at *3; *see also Evans v. City of Houston*, 246 F.3d 344, 356 (5th Cir. 2001) ("[T]he combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment."). The timing of Rogers's termination, absent more, is insufficient to raise a genuine factual dispute that Bromac's proffered reason for terminating her was mere pretext.

We hold that the district court was correct in finding that Rogers failed to raise a genuine dispute that Bromac terminated her by reason of her grand jury service.

No. 13-31097

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of appellees.

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

July 28, 2014

Mr. William W. Blevins
Eastern District of Louisiana, New Orleans
United States District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

　　　No. 13-31097　　Wanda Rogers v. Bromac Title Services,
　　　　　　　　　　　　L.L.C., et al
　　　　　　　　　　　USDC No. 2:12-CV-2493

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　LYLE W. CAYCE, Clerk

　　　　　　　　　　　　*Sabrina B. Short*

　　　　　　　　　　　　By:_____
　　　　　　　　　　　　Sabrina B. Short, Deputy Clerk
　　　　　　　　　　　　504-310-7817

cc w/encl:
　　　Honorable Helen Ginger Berrigan
　　　Ms. Kim Maria Boyle
　　　Mr. Brandon E. Davis
　　　Mr. Alan Fisher Kansas